649 So.2d 502 (1994)
ESTATE of Adam CHAISSON, Plaintiff-Appellee
v.
JUDICE DIRT & SAND, INC., Defendant-Appellant.
No. 94-393.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Raymond Charles Vinet Sr., Baton Rouge, for Estate of Adam Chaisson.
Michael Edward Parker, Lafayette, for Judice Dirt & Sand, Inc.
Before THIBODEAUX, COOKS and SAUNDERS, JJ.
COOKS, Judge.
In this workers' compensation case, Judice Dirt & Sand, Inc. appeals an award of death benefits to the estate of Adam Chaisson. We affirm.

FACTS
This case arose on March 23, 1990, when an 800 pound steel beam fell and struck Adam Chaisson on his back and shoulder while employed by Judice Dirt Services, Inc. As a result of this work-related incident Chaisson was paid workers' compensation benefits at the rate of $107.00 per week.
While still under the care of his physician, Chaisson died on September 3, 1991. No autopsy was performed on Chaisson, and the death certificate listed "cardiac arrest" as the cause of death. On October 7, 1991, Mary Chaisson, the decedent's widow, filed a petition seeking death benefits under LSA-R.S. 23:1231. The issue before the hearing officer was whether Chaisson's death on September 3, 1991 was caused by his work-related accident of March 23, 1990. The hearing officer rendered judgment granting death benefits to the Estate of Adam Chaisson.
*503 Judice Dirt & Sand perfected this appeal, asserting the following assignments of error:
1. The Hearing Officer erred in finding Adam Chaisson's work-related medical condition was the predominant and major cause of his heart-related death, and further erred in awarding worker's compensation death benefits as a result of this finding.
2. The Hearing Officer erred in awarding burial expenses to Mary Chaisson, the widow of Adam Chaisson, when no evidence of same was presented to the court.

AWARD OF DEATH BENEFITS
Appellants argue this case is controlled by LSA-R.S. 23:1021(7)(e), which places a strict burden of proof on a claimant seeking workers' compensation for a "heart-related or perivascular injury." Section 23:1021(7)(e) provides as follows:

Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness or death.
Appellants contend the claimant failed to show by clear and convincing evidence that the physical work stress was extraordinary and unusual and the physical work stress or exertion was the major and predominate cause of Chaisson's heart related death. Appellants cites a number of cases interpreting Section 23:1021(7). All cases referenced involve claimants whose death was directly precipitated by heart attacks. The hearing officer specifically stated Adam Chaisson died as a result of a pulmonary embolism which was related to his job injury of March 23, 1990. While the death certificate listed the cause of death as "cardiac arrest", both Dr. Mickey and Dr. Phillips acknowledged such notation does not indicate that Adam died from heart problems, but rather his heart eventually stopped beating. As Dr. Phillips stated in his deposition, "theoretically, everyone ... dies of cardiac arrest."
The Louisiana Supreme Court in Charles v. Travelers Ins. Co., 627 So.2d 1366 (La. 1993), interpreted the scope of LSA-R.S. 23:1021(7)(e). Particularly relevant to this case is the following footnote in Charles:
We think it obvious that La.R.S. 23:1021(7)(e), by its focus on "physical work stress" and preexisting conditions, was not intended to apply to those "heart-related" or "perivascular" injuries which directly result from some physical impact which arises out of and is incurred in the course and scope of employment. For example, "heart-related" under 23:1021(7)(e) would not apply to the injury resulting from the puncture of an employee's chest and heart by a piece of equipment.
Regarding the scope of "perivascular," we note it is medically possible for an aneurysm, embolism, or a severe bruise (which is technically an injury to a vessel) to result from a physical impact to a part of the body. For example, the blow of a falling piece of merchandise or equipment on a limb could cause an embolism or aneurysm at the point of impact. These type of injuries would clearly not fall under the scope of La.R.S. 23:1021(7)(e).
LSA-R.S. 23:1021(7)(e) creates two classes: (1) a class of workers' compensation claimants that have suffered "heart-related" or "perivascular" injury, illness, or death; and (2) a class of workers' compensation claimants that have not suffered "heart-related" or "perivascular" injury. Victims in the former class are required to prove by clear and convincing evidence that the work stress was extraordinary and unusual, and that this work stress and not some other source of stress or preexisting condition was the predominant and major cause of the injury. Those in the latter class must show that their injury arose out of and in the course of *504 employment. Charles, supra, at 1373. Thus, Adam Chaisson's Estate was required to prove only by a preponderance of the evidence that the work injury caused Adam's death.
The hearing officer found there was clear and convincing evidence that Adam's death resulted from pulmonary embolisms and not a "heart-related" or "perivascular" injury, illness or death within the scope of La.R.S. 23:1021(7)(e). Credibility determinations of hearing officers are entitled to great weight and should not be disturbed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Miles v. Perroncel, 598 So.2d 662 (La.App. 3d Cir.1992). A hearing officer's decision to choose one expert's testimony over that of another is not clearly wrong unless the record evidence discloses the expert's opinion was not sufficiently based or suffers from some other material defect. When, as in this case, the experts are not able to render definitive opinions on whether a work accident and resultant injury precipitated an accident victim's death, the record must be reviewed to determine whether the other facts in evidence corroborate the hearing officer's causal determination.
Both Dr. Mickey and Dr. Phillips admitted it would be difficult to unequivocally determine the cause of Adam's death without an autopsy. However, Dr. Mickey, who was Adam's treating cardiologist, stated there was "no question [Adam] had a pulmonary embolic phenomenon as a result of the trauma." As mentioned, Adam was injured when an eight hundred (800) pound steel beam fell fracturing his spine in the lumbar region. Within days thereafter, Adam experienced shortness of breath and atrial heart fibrillation. After conducting several diagnostic studies, Dr. Mickey reported:
"Mr. Chaisson ... sustained several orthopaedic injuries. As a result of these problems, he developed blood clots in [the] lower extremities which subsequently embolized to his lungs. The rhythm abnormality which followed was undoubtedly secondary to the pulmonary embolus and therefore directly related to his injury on the job ... He had no prior history of cardiac abnormality before this event."
In addition to multiple areas of tissue in both lung fields, which Dr. Mickey considered as "fairly severe," he noted bone fragments (produced from Adam's fractured spine) also traveled to his lungs and further complicated Adam's embolic condition. Doctors Young and Patel agreed with his findings. As the hearing officer noted there was no evidence of coronary artery disease and the record reveals that Adam had no prior heart disease. All the treating physicians testified pulmonary emboli were likely to result from the type of injury Adam suffered. In Dr. Mickey's opinion, "it's highly unlikely" Adam's death resulted from a heart attack. The testing performed prior to his death evidenced "normal coronary arteries," which Dr. Mickey opined significantly supported his opinion that Adam's death resulted from the formation of emboli which ultimately caused his heart to arrest. While Dr. Phillips, hired by the defendants to examine the medical records, stated the cause of Adam's death may have been left-sided cardiac disease, he did not seriously dispute Dr. Mickey's clinical findings; and he praised, in particular, Dr. Mickey's professional competency. Further, Dr. Phillips only examined the medical records and never treated Adam. Generally, the diagnosis of a treating physician is entitled to more weight than the diagnosis of a physician consulted for the purpose of litigation only. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982).
After carefully reviewing the record under the appropriate standard, we cannot say the hearing officer's conclusion that Adam Chaisson died of pulmonary embolisms was manifestly erroneous. Finding no clear error in this decision, under the well-settled rules of appellate review, we are required to affirm the award of death benefits to the Estate of Adam Chaisson.

BURIAL EXPENSES
Appellant argues the plaintiff did not introduce evidence of funeral expenses at the trial; and, as such, this aspect of the hearing officer's judgment must be reversed. We disagree.
*505 In Foreman v. West Calcasieu-Cameron Hospital, 625 So.2d 1104 (La.App. 3d Cir.1993), writ denied, 631 So.2d 450 (La. 1994), this court held a claimant's failure to introduce any evidence to show there were outstanding medical expenses did not preclude the hearing officer from ordering the employer to pay any and all outstanding medical bills. If funeral expenses were incurred, the employer is obligated to pay them. The failure to present proof of such expenses at trial does not prejudice the defendant. The employer is obligated by law to pay all past expenses related to the accident. The judgment merely recites the employer's obligation to pay funeral expenses and the claimant's right to present and claim them. We find no error in the hearing officer's award of these expenses.

DECREE
For the above reasons, the judgment of the hearing officer is affirmed. All costs are assessed against defendant-appellant.
AFFIRMED.