839 So.2d 1152 (2003)
Velma CORBELLO
v.
COASTAL CHEMICAL CO., INC.
No. 02-1241.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
Frank E. LeMoine, Abbeville, LA, for Plaintiff/Appellee, Velma Corbello.
Sammie Maurice Henry, Baton Rouge, Egan, Johnson & Stiltner, Baton Rouge, *1153 LA, for Defendant/Appellant, Coastal Chemical Co., Inc.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and BILLY HOWARD EZELL, Judges.
EZELL, Judge.
This is a workers' compensation claim for death benefits filed by Velma Corbello, the widow of the late George Corbello. The workers' compensation judge ruled in her favor, granting death benefits to her and to her minor son. The employer, Coastal Chemical, and the Louisiana Workers' Compensation Corporation (LWCC) appeal, claiming that the court below erred in finding that Mr. Corbello's death was related to a motor vehicle accident that occurred during the course and scope of his employment. They also claim that the workers' compensation judge erred in applying the incorrect burden of proof in the case. We disagree. For the following reasons, we affirm the decision of the workers' compensation judge.
Prior to his death, Mr. Corbello was employed by Coastal Chemical as a truck driver. Although he had a history of mild hypertension and was a smoker, he had no history of heart problems and was in good health. On September 26, 1996, Mr. Corbello was driving on Interstate 55 near Canton, Mississippi. He was in the course and scope of his employment. While traveling through a detour, Mr. Corbello lost control of his 30-ton tractor-trailer rig, causing it to roll over several times. The truck was totaled. Mr. Corbello was found at the scene hanging out of the open door of his truck, suspended by his seatbelt. He was taken to the Madison County Medical Hospital, where he was treated for his injuries, including lacerations to his scalp. He was released from the hospital and returned home the next day.
About 36 hours after the accident, severe contusions became visible on Mr. Corbello's upper torso. He began to suffer severe pain and was no longer able to do the things he had done before the accident, such as carpentry and playing with his grandchild. He could not stand to have his wife touch his chest due to the pressure and pain. He was prescribed strong narcotic drugs for this pain. Mr. Corbello returned to light-duty work on September 30, 1996, then was released to full duty one week later. He was forced to stop taking his pain medication when he began driving the truck again, as federal law prohibits truckers from driving while taking narcotic medications.
On October 31, 1996, Mr. Corbello was making a delivery run for Coastal. Immediately after leaving the customer, he slowly drove off the road and came to a stop. He was found dead in the cab of his truck, apparently due to a heart attack.
His widow, Mrs. Corbello filed this claim for death benefits, alleging that the attack was caused by physical trauma resulting from the September 26, 1996 accident. The workers' compensation judge agreed. Because she found that the attack was due to physical trauma, she did not apply the clear and convincing evidence burden of proof set out by La.R.S. 23:1201(7)(e), but rather applied the preponderance of the evidence standard in making her ruling. The workers' compensation judge awarded death benefits to Mrs. Corbello individually, and in the capacity as tutrix of her minor son. From this decision, Coastal and the LWCC appeal.
In their second assignment of error, which we will address first, Coastal and the LWCC claim that the workers' compensation judge erred in finding that Mr. Corbello's death was a result of the September 26, 1996 accident. The factual findings of the trial court in a workers' compensation case are subject to a manifest error or clearly wrong standard of *1154 review. George v. Guillory, 00-591 (La. App. 3 Cir. 11/2/00), 776 So.2d 1200. "In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one." Id. at 1206 (citing Stobart v. State, Dep't. of Transp. & Dev., 617 So.2d 880 (La.1993)). Additionally, as stated in Mitchell v. Brown Builders, Inc., 35,022, p. 8 (La.App. 2 Cir. 8/22/01), 793 So.2d 508, 515, writ denied, 01-2649 (La.12/14/01), 804 So.2d 636:
It is a well-settled legal principle that the factual findings in workers' compensation cases are entitled to great weight. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. The trier of fact's factual determinations shall not be disturbed in the absence of a showing of manifest error. When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence.
In this case, the workers' compensation judge heard the testimony of Dr. Emil Laga, a certified forensic pathologist who examined Mr. Corbello's autopsy report and medical records. He testified that Mr. Corbello had been incorrectly diagnosed as having died from a myocardial infarction. Dr. Laga testified that a traumatic chest injury suffered in the accident caused Mr. Corbello's untimely death. He stated that the accident resulted in an injury to one of Mr. Corbello's coronary arteries, and that at the point of this injury, cholesterol built up to the point that Mr. Corbello suffered a 90% blockage in that artery. At some time later, a clot blocked the remainder of the artery, causing the arrhythmia that killed Mr. Corbello. Dr. Laga testified that Mr. Corbello did not have severe arteriosclerosis as indicated in the coroner's report. This was indicated by the fact that, while there was a 90% blockage in the injured artery, the plaque build up in his other arteries and organs was much lower, 20 to 30%. According to Dr. Laga, had Mr. Corbello suffered from severe arteriosclerosis, the plaque build up would have been much more generalized and spread evenly throughout the body. He further testified that this was supported by the fact that Mr. Corbello had never had any indications of heart problems prior to the accident but suffered severe bruising across his torso and chest pain after the accident. Finally, he stated that auto accident were the most common cause of blunt trauma to the heart.
The workers' compensation judge also considered Mr. Corbello's personality. Prior to his death, he was vigilant about monitoring his blood pressure and went to the doctor every time he was concerned about his health. She found his complaints after the accident to fit in well with Dr. Laga's explanation of his death.
The workers' compensation judge felt that Dr. Laga, due to his vast experience and certification as a forensic pathologist, was more persuasive than the other doctors whose testimony was presented. This evaluation of credibility is reasonable and will not be disturbed. The workers' compensation judge further found that Dr. Laga's testimony, in accordance with Mr. Corbello's prior medical history and personality, indicated that, ultimately, Mr. Corbello's death was caused by physical trauma suffered during the accident. There is a reasonable factual basis for this finding, therefore, it is not manifestly erroneous.
In their other assignment of error, Coastal and the LWCC claim that the workers' compensation judge applied an *1155 incorrect burden of proof in this case. Appellants argue that this case is controlled by La.R.S. 23:1021(7)(e), which places a strict burden of proof on a claimant seeking workers' compensation for a "heart-related or perivascular injury." Section 23:1021(7)(e) provides as follows:
Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
Coastal contends the claimant failed to show by clear and convincing evidence that the physical work stress was extraordinary and unusual and the physical work stress or exertion was the major and predominate cause of Mr. Corbello's heart-related death. However, the Louisiana Supreme Court in Charles v. Travelers Ins. Co., 627 So.2d 1366 (La.1993), interpreted the scope of La.R.S. 23:1021(7)(e). Particularly relevant to this case is footnote 15 in Charles, wherein the supreme court states:
We think it obvious that La.R.S. 23:1021(7)(e), by its focus on "physical work stress" and preexisting conditions, was not intended to apply to those "heart-related" or "perivascular" injuries which directly result from some physical impact which arises out of and is incurred in the course and scope of employment. For example, "heart-related" under 23:1021(7)(e) would not apply to the injury resulting from the puncture of an employee's chest and heart by a piece of equipment.
Regarding the scope of "perivascular," we note it is medically possible for an aneurysm, embolism, or a severe bruise (which is technically an injury to a vessel) to result from a physical impact to a part of the body. For example, the blow of a falling piece of merchandise or equipment on a limb could cause an embolism or aneurysm at the point of impact. These types of injuries would clearly not fall under the scope of La. R.S. 23:1021(7)(e).
Charles, 627 So.2d at 1371. See also Estate of Chaisson v. Judice Dirt & Sand, Inc. 94-393 (La.App. 3 Cir. 11/2/94), 649 So.2d 502.
Louisiana Revised Statute 23:1021(7)(e) creates two classes: (1) a class of workers' compensation claimants that have suffered "heart-related" or "perivascular" injury, illness, or death; and (2) a class of workers' compensation claimants that have not suffered "heart-related" or "perivascular" injury. Chaisson, 649 So.2d 502. Victims in the former class are required to prove by clear and convincing evidence that the work stress was extraordinary and unusual and that this work stress, and not some other source of stress or preexisting condition, was the predominant and major cause of the injury. Those in the latter class must show that their injury arose out of and in the course of employment only by a preponderance of the evidence. Id. Under Charles, injury to the heart resulting from physical trauma would not fall under La.R.S. 23:1021(7)(e). Therefore, these types of injuries need not be proven by clear and convincing evidence, but rather by a mere preponderance *1156 of the evidence. Because the injury was a direct result of physical trauma, the workers' compensation judge applied the correct burden of proof in this case.
For the reasons stated above, the decision of the workers' compensation judge is affirmed. Costs of this appeal are assessed against the Appellants.
AFFIRMED.