# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1662


LEON FRANCIS

VERSUS

QUALITY BRANDS, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF ACADIA, NO. 01-05056
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Sylvia R. Cooks and Oswald A. Decuir, Judges.

**AFFIRMED.**


**W. Alan Lilley**
**Goforth & Lilley, PLC**
**109 Stewart St**
**Lafayette, LA 70501**
**(337) 237-5777**
**Counsel for Defendant/Appellee:**
        **Quality Brands, Inc.**

**Jermaine D. Williams**
**Attorney at Law**
**P. O. Box 1483**
**Abbeville, LA 70511**
**(337) 893-9515**
**Counsel for Plaintiff/Appellant:**
        **Leon Francis**

**DECUIR, Judge.**

Claimant appeals a judgment of the workers' compensation judge finding that he failed to establish a work-related injury and denying benefits.

## FACTS

Leon Francis began working as a route helper for Quality Brands on April 4, 2001. His primary duty was to deliver cases of alcoholic beverages to stores throughout the Lafayette area. Francis alleges that he felt and heard a pop in his back while delivering several hundred cases of beer on or about May 11, 2001. Francis did not file an accident report or inform his supervisor of the alleged accident. His co-worker testified that Francis did not complain of an accident and he did not witness any accident. Moreover, Francis did not report a job-related injury to any of the physicians, instead stating variously that he injured his back while lifting a log, a bunk bed, or tree limbs. In addition, Francis told several employees that he had injured his back moving furniture at home. Finally, Francis reported to personnel employees, Ray Davidson and Joye Declet, that he had hurt his back at home but had been advised by his doctor to file a workers' compensation claim.

Francis ultimately filed a claim, and the workers' compensation judge denied benefits based on Francis' failure to establish a work-related injury. Francis lodged this appeal.

## WORK-RELATED INJURY

Francis assigns two errors on appeal. He first contends that the workers' compensation judge erred in finding the probabilities that he sustained a work-related injury were evenly balanced and, therefore, not sufficient to sustain his workers' compensation claim. His second assignment alleges that the workers' compensation judge erred in determining the credibility of certain witnesses. We will address both

assignments together as they address the factual determinations of the workers' compensation judge.

The claimant seeking workers' compensation benefits must prove by a preponderance of the evidence that she was injured in an accident in the course and scope of her employment. *Burns v. Beauregard Nursing Ctr.*, 94-131 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. In addition, the claimant must also establish a causal link between the accident and the subsequent disabling condition. *Marks v. 84 Lumber Co.*, 00-322 (La.App. 3 Cir. 10/11/00), 771 So.2d 751. If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her burden of proof. *Bernard v. O'Leary Bros. Signs, Inc.*, 606 So.2d 1331 (La.App. 3 Cir. 1992).

The trial court's determinations with regard to the credibility of witnesses and the discharge of the claimant's burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). The workers' compensation judge's assessments of the weight of the medical evidence are not to be disturbed unless clearly wrong. *Chambers v. Louisiana Pacific Mfg., Inc.*, 97-1188 (La.App. 3 Cir. 4/22/98), 712 So.2d 608. Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. *Novak v. Texada, Miller, Masterson & Davis Clinic*, 514 So.2d 524 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La.1987).

In this case, Francis gave conflicting stories as to how he injured his back. He did not report a work-related injury at the alleged time of the accident. His co-worker does not corroborate his injury, and Francis' own statements put his credibility in question. Francis did produce two alleged eyewitnesses to the accident who supported his story. However, considering the contradictory evidence presented by Quality

2

Brands and Francis' own statements, we find no manifest error in the workers' compensation judge's determination as to the credibility of the various witnesses. Likewise, after reviewing the record, we find no error in the workers' compensation judge's finding that Francis failed to carry his burden of proof.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Leon Francis.

**AFFIRMED.**