STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1296


LINDA FAYE WHALEY

VERSUS

CHRISTUS ST. PATRICK HOSPITAL


************


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION,
DISTRICT 3
PARISH OF CALCASIEU, NO. 01-03932,
HONORABLE SAM L. LOWERY, WORKERS' COMPENSATION JUDGE


************


JAMES T. GENOVESE
JUDGE


************


Court composed of Chief Judge Ulysses Gene Thibodeaux, Billy H. Ezell and
James T. Genovese, Judges.


**AFFIRMED.**


Todd Michael Ammons
Stockwell Sievert Viccellio Clements & Shaddock, LLP
Post Office Box 2900
Lake Charles, Louisiana 70602
COUNSEL FOR DEFENDANT/APPELLANT:
    Christus St. Patrick Hospital

Stephen Ronald Streete
Salter & Streete
Post Office Box 6297
Lake Charles, Louisiana 70602
COUNSEL FOR PLAINTIFF/APPELLEE:
    Linda Faye Whaley

GENOVESE, Judge.

Defendant, Christus St. Patrick Hospital ("hospital/appellant"), is appealing the April 23, 2004 judgment of the Workers' Compensation Judge ("WCJ") awarding Plaintiff/Appellee, Linda Faye Whaley ("Whaley"), workers' compensation benefits as a result of an unwitnessed on-the-job accident on December 13, 2000, at Defendant's hospital. For the following reasons, we affirm the judgment of the WCJ.

## FACTS

Linda Faye Whaley was employed by Christus St. Patrick Hospital as a sterile processing technician. Whaley alleges that she injured her shoulder at work on December 13, 2000, attempting to lift a box of surgical supplies weighing approximately thirty to forty pounds when the strap broke on the box. Whaley states that she immediately felt pain in her left shoulder. She reported the accident to her supervisor, Julie Saxby. Whaley was sent to see the health nurse, Maxine Guillory, who referred her to Dr. Drumwright, an orthopedist. Dr. Drumwright allowed Ms. Whaley to return to work on a light-duty basis. Whaley returned to work, but subsequently resigned from her position at the hospital by letter, effective December 22, 2000.

On June 4, 2001, Whaley filed a Disputed Claim for Compensation wherein she alleged that she was permanently and partially disabled as a result of the injury she suffered while employed by the hospital, and is therefore entitled to weekly indemnity benefits and medical expenses. The hospital filed an answer denying the claim asserting that Whaley did not sustain an injury during the course of her employment. After conducting discovery, the hospital also claimed that Whaley failed to fully disclose the same or similar shoulder injury she suffered in a prior automobile accident. Linda Whaley had been involved in two automobile accidents prior to the

1

alleged hospital accident. The first accident occurred on February 14, 2000, and the second on September 19, 2000. Whaley was treated for her injuries stemming from those accidents by Dr. Lynn E. Foret. Following the February 2000 automobile accident, Whaley was put on limited duty work by the hospital, but worked a full day's schedule. Following the September 2000 automobile accident, the hospital advised Whaley not to return to work until she could work full duty. Whaley returned to work at the hospital on December 3, 2000.

The case was tried on February 10, 2003, wherein the WCJ awarded Whaley weekly indemnity benefits and ordered the hospital to pay all medical expenses related to Whaley's work-related accident on December 13, 2000. On appeal, this court vacated the judgment of the WCJ and remanded the matter ordering the WCJ to review all of the evidence presented at trial and then submit written reasons for judgment in support thereof. *Whaley v. Christus St. Patrick Hospital*, an unpublished opinion bearing docket number 03-624 (La.App. 3 Cir. 11/12/03). In response to this court's ruling, the WCJ issued reasons for judgment in favor of Whaley awarding her supplemental earnings benefits retroactive to January 1, 2001, together with medical benefits. The hospital then filed the present appeal from the July 22, 2004 judgment.

## STANDARD OF REVIEW

The factual findings of the trial court in a workers' compensation case are subject to a manifest error or clearly wrong standard of review. *George v. Guillory*, 00-591 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200. "In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one." *Id.* at 1206 citing *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880 (La. 1993). Additionally, as recognized by this court in *Corbello v. Coastal Chemical Co.,*

2

*Inc.*, 2002-1241, pp. 2-3 (La.App. 3 Cir. 3/5/03), 839 So.2d 1152, 1153-1154 citing *Mitchell v. Brown Builders, Inc.*, 35,022, p. 8 (La.App. 2 Cir. 8/22/01), 793 So.2d 508, 515, *writ denied*, 01-2649(La. 12/14/01), 804 So.2d 636:

> It is a well-settled legal principle that the factual findings in workers' compensation cases are entitled to great weight. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. The trier of fact's factual determinations shall not be disturbed in the absence of a showing of manifest error. When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence.

## ISSUES

The first issue raised by the hospital is whether or not Whaley's injuries were related to her alleged on-the-job accident. The second issue is whether or not Whaley made false statements or representations regarding her medical condition after the alleged work injury in order to obtain workers' compensation benefits, thereby forfeiting any right she may have to workers' compensation benefits.

### Medical Causation

Appellant contends that the trial court erred in finding that Linda Whaley met her burden of proof as to medical causation. To recover workers' compensation benefits, a claimant must establish a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined in La.R.S. 23:1021(1) as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." The claimant bears the burden of establishing a work-related accident by a preponderance of the evidence. *Bruno v. Harbert International Inc.*, 593 So.2d 357 (La.1992); *Douglas v. Grey Wolf*

3

*Drilling Co.*, 03-515 (La.App. 3 Cir. 11/5/03), 858 So.2d 830. Additionally, a claimant seeking workers' compensation benefits must establish a causal link between a work-related accident and the subsequent disabling condition. *Peloquin v. Eunice News*, 98-1524 (La.App. 3 Cir. 4/28/99), 737 So.2d 132; *Francis v. Quality Brands, Inc.,* 03-1662 (La.App. 3 Cir. 4/7/04), 870 So.2d 589; *Marks v. 84 Lumber Co.*, 00-322 (La.App. 3 Cir 10/11/00), 771 So.2d 751.

Linda Whaley testified that she was injured at work at St. Patrick Hospital while performing her duties in the sterile processing department. Her job duties included stocking surgical supplies and equipment. She testified that as she was lifting a box of these supplies weighing approximately thirty pounds, a strap broke resulting in a strain on her left shoulder. Whaley testified that she recalled hearing a loud "popping" sound from her shoulder and she felt immediate pain. She immediately reported the accident to her supervisor. Although the Appellant argues that the Plaintiff failed to meet the burden of proof on the issue of causation, the medical evidence supports such a finding. St. Patrick Hospital argues that the injury exhibited by Ms. Whaley following December 13, 2000, was not a new injury, but rather, Ms. Whaley had the exact same symptoms and condition prior to and after the work injury. However, the WCJ reviewed the medical evidence in the form of records and/or live testimony of Dr. Lynn Foret, Dr. Bonnie Drumwright, Dr. Violet Long, and Dr. Clark Gunderson and reached a different conclusion. Though this was an unwitnessed accident, the medical evidence provides the legally required corroboration.

The first physician who treated Linda Whaley was a physician of the employer's choosing, Dr. Drumwright, an orthopedist. The trial court notes that Dr. Drumwright found objective signs of injury and ordered treatment in the form of

physical therapy. The trial court further notes that nowhere in Dr. Drumwright's records is there any indication of suspicion or malingering on the part of the employee. Ms. Whaley also sought treatment from Dr. Foret following the work incident of December 13, 2000. Dr. Foret is an orthopedic surgeon who had previously treated Ms. Whaley following the two automobile accidents. This doctor documented evidence of injury which was confirmed by objective testing in the form of an MRI which detected a problem with her rotator cuff in the left shoulder. Dr. Clark Gunderson, an orthopedic surgeon was appointed as an independent medical examiner to review the medical records and to examine the claimant in an effort to answer the causation question. Dr. Gunderson was uncertain that the accident of December 13, 2000, caused the left shoulder problem of which Ms. Whaley complained.

On the exact nature of the problems of Ms. Whaley prior to December 13, 2000, the WCJ was able to review the records as well as hear the testimony of Dr. Foret and Dr. Long. Clearly Ms. Whaley sustained left shoulder-type pain. She was involved in two automobile accidents after which she sought treatment for shoulder pain. Dr. Long testified that following the February 2000 accident, she saw the claimant who was complaining of swelling of her left shoulder and neck pain across the top of her left shoulder and collar bone. On the subsequent visit to Dr. Long, Ms. Whaley was continuing to have shoulder problems. Dr. Long then referred her to Dr. Foret.

The WCJ had the benefit of Dr. Foret's live testimony at trial and concluded that "at no time did he ever drift or waiver from his firm conviction that Ms. Whaley was injured on December 13, 2000." He observed:

> In spite of sustained, sharp cross examination by a skilled and experienced attorney, Dr. Foret held fast to his opinion that there were

5

specific distinctions between the type of shoulder problems incurred from the February 2000 car accident as opposed to the problems incurred from the December 2000 work accident. Essentially, his position was that the pre-December 2000 shoulder pain originated from the cervical area which she injured in the February 2000 car accident.

Like the trial court, this court places much emphasis on the opinion of Dr. Foret on the issue of causation as Dr. Foret was the only physician who actually saw the claimant on a regular basis both before and after the work-related incident. Also, like the trial court, this court "is not prepared to dismiss or discount the opinion of a treating physician whose testimony on the stand was forthcoming, candid, and sure-footed." The WCJ's conclusions were reasonable in light of the entire record, and certainly cannot be considered manifestly erroneous. Accordingly, the judgment of the WCJ on the issue of causation is affirmed.

**Fraudulent Conduct**

Christus St. Patrick asserts that the trial court was clearly wrong in its review and assessment of the facts in finding that the employee had not made false statements and representations sufficient to warrant a forfeiture of all workers compensation benefits.

The relevant statutory provision on this assignment of error is La.R.S. 23:1208, which provides in pertinent part as follows:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

. . . .

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

6

The Louisiana Supreme Court set forth a three-part test in applying the above statute in the case of *Resweber v. Haroil Constr. Co.,* 94-2708 (La. 9/5/95), 660 So.2d 7. Under *Resweber*, the requirements for forfeiture of benefits under section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. The court provided further guidance in the following language:

> The statute does not require the forfeiture of benefits for any false statement, but rather only false statements that are willfully made for the purpose of obtaining benefits. It is evident that the relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. Clearly, an inadvertent and inconsequential false statement would not result in forfeiture of benefits.

*Id.* at 17.

This court is also cognizant that the burden of proof rests with the employer. In order to prove forfeiture pursuant to La.R.S. 23:1208, the employer must prove each of the elements delineated by the supreme court in *Resweber*. Section 1208 must be strictly construed because the statutory forfeiture is a harsh remedy. *Benoit v. Frank's Casing Crew,* 97-1522 (La.App. 3 Cir. 5/20/98), 713 So.2d 762, *writ denied,* 98-1697 (La. 10/9/98), 726 So.2d 31.

The Hospital asserts that Linda Whaley in fact committed fraud by making false statements or misrepresentations for the purpose of obtaining workers' compensation benefits. A review of the record, however, demonstrates that although inconsistent and erroneous statements were made by the claimant, along with a lack of full disclosure, each of the three requisite parts of the *Resweber* test have not been satisfied so as to result in a forfeiture of benefits. Specifically, this court finds that the hospital has failed to establish that the inconsistent and erroneous statements made by the claimant were made willfully for the purpose of obtaining workers'

compensation benefits. The ruling of the WCJ on this issue was not manifestly erroneous and is therefore affirmed.

For the foregoing reasons, the judgment of the WCJ is affirmed. Costs of this appeal are assessed to Appellant, Christus St. Patrick Hospital.

**AFFIRMED.**