STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

SHANE TRAHAN

VERSUS

MONTGOMERY ELECTRIC & MAINTENANCE, INC.

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 10-04143
HONORABLE CHARLOTTE BUSHNELL,
WORKERS' COMPENSATION JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

Scott J. Pias
522 Alamo St.
Lake Charles, LA 70601
Counsel for Claimant-Appellant:
    Shane Trahan

M. Jeremy Berthon
P.O. Box 98001
Baton Rouge, LA 70898
Counsel for Defendant-Appellee:
    Montgomery Electric & Maintenance, Inc.

**PAINTER, Judge**

Claimant, Shane Trahan, appeals the finding of the Workers' Compensation Judge (WCJ) that he failed to carry his burden of proving his lower back and neck symptoms are causally related to the accident that occurred on August 18, 2009 at Montgomery Electric & Maintenance, Inc. (Montgomery). For the following reasons, we affirm.

**FACTS**

It is undisputed that on August 18, 2009, while Claimant was in the course and scope of his employment with Montgomery, the wall of a trench in which Claimant was standing collapsed on him, throwing him against the other wall of the trench. He was stuck for a short time, after which a co-worker dug him out. Claimant continued working for Montgomery until September 20, 2009. He did not report the incident until October 2009.

Claimant's average weekly wage was $900.00 and his weekly compensation rate is $546.00. No workers' compensation benefits have been paid. However, Montgomery paid its part of Claimant's health insurance premium until October 2009 and the full amount in November 2009. A hearing was held on October 4, 2011. The WCJ gave oral reasons for her determination that Claimant had not carried his burden of proving a causal connection between the cave-in and his symptoms. Claimant appeals.

**DISCUSSION**

Claimant asserts that the WCJ erred in failing to apply the presumption that his cervical pain resulted from the incident where he was in reasonably good health as to his cervical region prior to the incident and had an onset of pain shortly thereafter. Further, Claimant asserts that the WCJ erred in failing to accept his uncontradicted testimony as to his condition

where there was nothing of record to cast suspicion on the reliability of his testimony.

A claimant is entitled to a presumption that his or her disability was caused by the accident if before the accident the claimant was in good health but afterwards began having symptoms which continuously manifested. *Fluitt v. Christus Health Cent. La.*, 05-945 (La.App. 3 Cir. 6/28/06), 935 So.2d 369, *writ denied*, 06-2302 (La. 12/8/06), 943 So.2d 1094.

> The requirement that the claimant be "in good health" to benefit from the presumption of causation has been interpreted as not requiring that the afflicted body part be "in perfect health." However that does not abrogate the requirement that, in order to be entitled to the presumption, the plaintiff offer sufficient evidence to establish the requisite elements.

*Brown v. Town of Ferriday*, 11-570, p. 6 (La.App. 3 Cir. 11/2/11), 76 So.3d 155, 160.

Among those requisite elements is the requirement that there be either sufficient medical evidence to show a reasonable possibility of causation or that the nature of the accident, combined with the other surrounding circumstances, raises an inference that there is a causal connection between the accident and the injury. *Richard v. Vermilion Hosp.*, 10-385 (La.App. 3 Cir. 6/9/10), 41 So.3d 1219, *writ denied*, 10-1611 (La. 10/8/10), 46 So.3d 1269.

> The WCJ stated, correctly, in her reasons for judgment, that:

> The records of chiropractor Chad Richard reflect that he began treating the claimant in June of 2009. The claimant had neck and lumbar complaints. On August 27, 2009, the claimant was seen by Dr. Timothy Best at the referral of Dr. Rubino. The September 21st, 2009 records of Dr. Best indicate that claimant was seen after calling in with a significant flare-up of pain in his left shoulder and arm. He diagnosed the claimant with degenerative disc disease. Dr. Rubino performed the anterior cervical discectomy on claimant on December 3rd, 2009.

> . . . .

> . . . . . Before the incident, claimant saw several medical providers and had complaints of chronic back pain, pain into the legs and lower back with numbness and tingling. In fact, there is no mention of a work incident in any of the medical records and many record indicate that the problems began months before the cave-in incident.
>
> . . . .

> . . . . The presumption of causation cannot apply here because claimant was not in good health before the accident. Further, the medical evidence does not show a reasonable possibility of a causal connection between the accident and the disabling condition. In fact, the medical evidence does not mention the work accident. Aside from the medical evidence, the claimant did not report the accident until a couple of months after the cave-in.

Given the failure of the post-accident medical records to mention the accident, the WCJ found that those records did not support the existence of a causal connection between the accident and the reported symptoms, especially in light of the fact that Claimant reported similar symptoms prior to the accident. As a result, she found that the evidence left the probabilities as to causation evenly balanced. We agree. As the WCJ found, in such a situation the claimant has failed to carry his burden of proof. *Francis v. Quality Brands, Inc.*, 03-1662 (La.App. 3 Cir. 4/7/04), 870 So.2d 589.

We find no error in the WCJ's conclusions herein. Accordingly, her judgment is affirmed.

## CONCLUSION

For these reasons, the judgment of the WCJ is affirmed. Costs are assessed to the Claimant.

**AFFIRMED.**

3