# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-195
## consolidated with 07-196

**DONNIE DOUSAY**

**VERSUS**

**DOUSAY FLOOR COVERING**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
## PARISH OF RAPIDES, DOCKET NO. 05-3348 c/w 05-1271
## JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

                **AFFIRMED.**

Cooks, J. dissents and assigns written reasons.

**Robert L. Beck**
**Rivers, Beck, Dalrymple & Ledet**
**Post Office Drawer 12850**
**Alexandria, Louisiana 71315-2850**
**(318) 445-6581**
**COUNSEL FOR APPELLANT:**
  **Donnie Dousay**


**Walter S. Salley**
**Lunn, Irion, Salley, Carlisle & Gardner**
**Post Office Box 1534**
**Shreveport, Louisiana 71165-1534**
**(318) 222-0665**
**COUNSEL FOR APPELLEE:**
  **Dousay Floor Covering**
  **State Farm Fire and Casualty Insurance Company**

**GENOVESE, Judge.**

Plaintiff, Donnie Dousay (Mr. Dousay), appeals the judgment of the workers' compensation judge (WCJ) in favor of the Defendants, Lynn Dousay d/b/a Dousay Floor Covering (Dousay Floor) and its workers' compensation insurer, State Farm Fire and Casualty Insurance Company (State Farm), dismissing his claim for permanent total disability (PTD) benefits. Mr. Dousay also appeals the WCJ's ruling that his alleged lumbar (back) injury is not related to his prior on-the-job cervical (neck) injury and that Dousay Floor and State Farm are, therefore, not responsible for his back-related medical treatment. For the following reasons, we affirm.

## FACTS

The instant matter emanates partly from the termination of Mr. Dousay's benefits and partly from his allegations of having suffered another injury, a lower back injury, during a functional capacity evaluation (FCE). Mr. Dousay contends that his lumbar injury should be deemed related to his prior on-the-job cervical injury and that his injuries entitle him to PTD pursuant to La.R.S. 23:1221(2)(c).

Mr. Dousay suffered an on-the-job cervical injury on August 9, 1994, while working for Dousay Floor as a carpet installer. Consequently, Mr. Dousay received supplemental earnings benefits (SEB) from State Farm on behalf of Dousay Floor from March of 1995; however, his entitlement to SEB was exhausted in February of 2005.[1] Mr. Dousay had several surgeries including: (1) anterior cervical diskectomies with fusion at C4-5 and C5-6 performed by Dr. Anil Nanda, State Farm's choice of neurosurgeon; (2) a thoracic outlet syndrome surgery performed by Dr. James David,

---

[1]Supplemental earnings benefits are paid for "injury resulting in an employee's inability to earn wages equal to ninety percent or more of wages at time of injury" and "shall in no event exceed a maximum of five-hundred twenty weeks." La.R.S. 23:1221(3).

1

a vascular surgeon; (3) a revision of the anterior fusion and diskectomy and fusion at C6-7, with anterior plating, performed by Dr. Thomas Whitecloud, an orthopaedic surgeon; and (4) a surgical C7-T1 bilateral facet rhizotomy to obliterate the facet nerves performed by Dr. Lawrence Drerup, a neurosurgeon.

On February 14, 2003, Dr. Nanda opined that Mr. Dousay had reached maximum medical improvement and recommended that he undergo an FCE. An FCE was performed on August 5, 2003. Subsequent to the FCE, State Farm sought to have Mr. Dousay submit to either a CT/myelogram and/or an MRI as per Dr. Nanda's recommendation that either of these tests be performed on him within 12 months of the FCE. Initially, Mr. Dousay did not submit to either of these follow-up tests.

On February 17, 2005, Dousay Floor and State Farm filed a disputed claim for compensation, commonly referred to as a 1008, asserting that Mr. Dousay was no longer entitled to the receipt of SEB and that he refused to be re-evaluated by Dr. Nanda for the administration of either a CT/myelogram and/or an MRI. Dousay Floor further requested that the Office of Workers' Compensation (OWC) address the issue of Mr. Dousay's disability status.

On March 9, 2005, Mr. Dousay answered the claims of Dousay Floor and State Farm by denying that he was capable of gainful employment and asserting his entitlement to PTD. Mr. Dousay further denied the assertion that "he should be ordered to submit to an MRI/myelogram for the purposes of a second opinion medical evaluation by Dr. Nanda."

On May 4, 2005, Mr. Dousay filed a 1008 requesting penalties and attorney fees.[2] On November 10, 2005, Mr. Dousay amended his 1008 to request that

---

[2]An order consolidating these cases was signed by the WCJ on November 14, 2005.

penalties and attorney fees be cast against Dousay Floor for its "denial of medical treatment for low back recommended by Dr. Jonathan Forrester." Mr. Dousay sought lumbar treatment from his primary physician, Dr. Forrester, for his alleged back injury. Mr. Dousay contends that his alleged lumbar injury is related to his on-the-job cervical injury because it occurred during the FCE. Dousay Floor and State Farm deny responsibility for Mr. Dousay's alleged lumbar injury and all costs of his medical treatment associated therewith, arguing that it was not related to his prior on-the-job cervical injury.

On August 9, 2006, the parties litigated Mr. Dousay's disability status and the issue of whether Dousay Floor should be responsible for his lumbar medical treatment. On November 9, 2006, via recorded teleconference, the WCJ ruled that Mr. Dousay failed to establish by a preponderance of the evidence that his lumbar injury was related to his on-the-job cervical injury and, further, that Mr. Dousay failed to prove by clear and convincing evidence his entitlement to PTD. Specifically, the WCJ stated, in pertinent part:

> Based on his history that he had reported back pain prior to the performance of the FCE, [it] would be this Court's conclusion that Mr. Dousay has failed to establish that he sustained a back injury in the FCE as he has alleged. Moreover, I would like to add to this case in the event it may be determined that he has established a back injury, Dr. Forester recommended this MRI but Dr. Forester said he hadn't done any examination of Mr. Dousay's lower back.
>
> . . . .
>
> [I]n this court's view, he's failed to carry his burden of proof by [] clear and convincing evidence in light of Dr. Drerup's testimony that he can consistently and reliably perform sedentary and light duty work. The records indicate that he consistently drove his tractor until two weeks before the trial and that he did this on a daily basis. This is [an] additional indication to this Court that he can consistently and reliably do light-duty work or sedentary work. The claims of Mr. Dousay are denied.

3

It is from this judgment that Mr. Dousay appeals.

## ISSUES

The issues presented for review are: (1) whether Mr. Dousay proved by clear and convincing evidence his entitlement to permanent total disability benefits; and (2) whether Mr. Dousay proved by a preponderance of the evidence a causal link between his alleged lumbar injury and his prior on-the-job cervical injury.

## LAW AND DISCUSSION

### *Standard of Review*

Appellate review of workers' compensation cases was set forth by our supreme court as follows:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.

*Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117 (citations omitted).

### *Permanent Total Disability Benefits*

To be entitled to PTD benefits, the employee/claimant must prove that he is physically unable to engage in any employment, regardless of the nature or character of the employment. La.R.S. 23:1221(2). Further, said workers' compensation statute also provides for permanent total disability compensation for an injured worker if the following standard is met:

4

(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only *if the employee proves by clear and convincing evidence*, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.

Louisiana Revised Statutes 23:1221(2)(c) (emphasis added).

Mr. Dousay claims that the WCJ erroneously found that he failed to meet his burden of proving that he is entitled to PTD as a result of his injuries. He contends that his limited education, limited work history,[3] and lack of viable vocational rehabilitation prospects support his claim for PTD. He also argues that the WCJ failed to consider and properly weigh all of the evidence, as required by our supreme court in its opinion in *Comeaux v. City of Crowley*, 01-32 (La. 7/3/01), 793 So.2d 1215. We find, however, that Mr. Dousay's reliance on *Comeaux* is misplaced and unpersuasive.

Our supreme court in *Comeaux* opined that the appellate court's reliance on the "totality of factors" such as physical deficiencies, age, work experience, and educational inadequacies to support a finding that a claimant has proved by clear and convincing evidence that he is entitled to PTD was erroneous; however, it was appropriate to consider an unsuccessful rehabilitation attempt to support a finding of PTD. Further, Mr. Dousay argues that the WCJ's refusal to give consideration, or accept as a factor, the failed vocational rehabilitation attempt, constitutes legal error;

---

[3]Mr. Dousay's work history includes working as a floor installer for Dousay Floor for approximately twenty years, during which time he also worked offshore as either a roustabout or a floor hand for approximately a year-and-a-half after quitting school in the eleventh grade.

5

therefore, he asserts that a *de novo* review of all factual issues is warranted. Such is not the case at bar. Mark Cheairs, an expert in the field of vocational rehabilitation, testified that Mr. Dousay would not participate in any of the recommended job placement activities. With no evidence reflecting that Mr. Dousay attempted to work, but could not, the WCJ did not find that a failed vocational rehabilitation attempt had, in fact, occurred. Nor do we. Accordingly, this argument has no merit.

It is likewise noteworthy that the results of the FCE revealed that Mr. Dousay fell within the U. S. Department of Labor's light to very heavy physical demand levels based on his lifting capacity. Despite the testimony offered by Mr. Dousay and his wife as to the physical limitations suffered by Mr. Dousay because of continued pain, the WCJ correctly noted the insufficiency of these facts to support a claim for permanent total disability benefits. *See* La.R.S. 23:1221(2). The WCJ found that Mr. Dousay did not prove by clear and convincing evidence the occurrence of an on-the-job injury that precludes him from engaging in any type of employment. As indicated by the WCJ, none of Mr. Dousay's treating physicians testified that he was "physically unable to engage in any employment" as required by La.R.S. 23:1221(2)(c).

Therefore, we find no manifest error in the WCJ's conclusion that Mr. Dousay is not entitled to PTD. The evidence before us supports the WCJ's determination that Mr. Dousay did not meet the burden of proof for establishing his entitlement to PTD.

### *Lumbar Injury*

"[A] claimant must prove by a preponderance of the evidence that an employment accident occurred and that the accident had a causal relationship to the disability claimed." *Romero v. Garan's, Inc.*, 05-1297, p. 4 (La.App. 3 Cir. 4/19/06),

6

929 So.2d 258, 261. "If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry [his] burden of proof." *Francis v. Quality Brands, Inc.*, 03-1662, p. 2 (La.App. 3 Cir. 4/7/04), 870 So.2d 589, 591.

Mr. Dousay contends that "the WCJ's determination that [he] failed to establish that his lower back injury was caused, or aggravated by the FCE is clearly wrong." However, the record reveals that Mr. Dousay did not present sufficient evidence that would indicate a connection between his prior on-the-job neck injury and the alleged lower lumbar injury.

The first physician to see Mr. Dousay after the FCE was Dr. W. Douglas Goodin, a psychiatrist he was seeing for management of his prescription pain medications, who saw Mr. Dousay on August 20, 2003. Though Dr. Goodin's notes do convey that Mr. Dousay felt he had done poorly and had hurt himself during the FCE on August 5, 2003, there was no specification of a lower back injury. Not until Mr. Dousay was re-evaluated by Dr. Goodin on November 26, 2003 is there a notation that Mr. Dousay's pain had diminished and that his lower back pain had not recovered at that point. Dr. Goodin did not testify at trial nor was his deposition taken to elaborate on Mr. Dousay's treatment and allegation of lower back pain; instead, only his notes were introduced into evidence.

On August 21, 2003, Mr. Dousay was seen by Dr. Rayland Beurlot; however, there is no evidence that Mr. Dousay informed Dr. Beurlot that he had injured his back during the FCE. Mr. Dousay was also examined by Dr. Drerup on October 23, 2003. Again, no mention of any back injury is documented, nor did Dr. Drerup's physical examination of Mr. Dousay's neck prompt Mr. Dousay to mention any back pain.

7

Considering this evidence, the WCJ concluded that Mr. Dousay failed to prove by a preponderance of the evidence that his alleged lumbar injury was either caused and/or aggravated during the FCE and, therefore, could not be considered to be related to his prior on-the-job cervical injury. After thoroughly reviewing the extensive evidence in the record and considering the WCJ's detailed reasons for judgment, we find that the WCJ was not manifestly erroneous or clearly wrong in his determination that Mr. Dousay failed to meet the requisite burden of proof for entitlement to Louisiana workers' compensation benefits.

**DECREE**

Accordingly, for the reasons stated above, the judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed to Appellant, Donnie Dousay.

**AFFIRMED.**

DONNIE DOUSAY

VERSUS

DOUSAY FLOOR COVERING

**COOKS, J., dissents.**

I respectfully dissent from the majority's decision to affirm the judgment of the Office of Workers' Compensation. Although the WCJ specifically inferred from claimant's appearance that he was too "fit" and "stout" to be totally disabled, the record contradicts that inference. Claimant has undergone five separate surgical procedures to alleviate his neck, arm and shoulder problems. The WCJ stated he relied on Dr. Drerup's assessment of claimant's physical ability to determine whether or not he was totally and permanently disabled. Dr. Drerup specifically stated that claimant was "restricted to sedentary or light duty with requirements that he take frequent self-determined breaks throughout the day and that he must be allowed to alter his position from a sitting to a standing or even a semi-reclining position on occasions, on as an-needed basis." Despite further noting that claimant is "going to suffer a level of chronic pain," the WCJ interpreted Dr. Drerup's testimony as indicating claimant "would be able to *consistently* perform sedentary or light duty work." (Emphasis added). Dr. Drerup specifically stated that claimant's pain could become "so intense that he simply cannot continue to engage in activities and he has to stop." I find "these periods would occur predictably and regularly so often as to preclude realistic gainful employment." See *Barnes v. Bechtel Group, Inc., et al.*, 03-1484 (La.App. 5 Cir. 04/13/04), 873 So.2d 735, 738. The WCJ attempted to

distinguish the present case from *Barnes* finding the claimant in *Barnes* was rendered "unreliable" by pain but Mr. Dousay was not. I disagree. Therefore, I conclude the WCJ erred in finding claimant failed to demonstrate by clear and convincing evidence that he was unable to engage in any form of gainful employment.

I also disagree with the majority's conclusion that the WCJ did not err in his finding that claimant failed to establish by a preponderance of the evidence that his back complaints were related to the FCE. The record establishes during the FCE claimant complained of increased cervical and lumbar pain during a lifting maneuver. According to claimant, the low back pain worsened significantly after the FCE. Approximately two weeks after the FCE, claimant visited Dr. Douglas Goodin, complaining he had injured himself in the FCE. He maintained these complaints in future visits, and Dr. Goodin noted in his notes from one visit that "the low back is not recovered at this point." When Dr. Goodin retired, Dr. Forester replaced him in administering claimant's medications. Claimant also complained to Dr. Forester of low back pain, which he related to the FCE. This led Dr. Forester to order a MRI of the lumbar spine, which the defendant refused to authorize on the basis the low back injury was not related to the work accident. Dr. Nanda, who performed claimant's first surgery, examined claimant before and after the FCE. There was no lower back complaints prior to the FCE, but there were complaints subsequent to the FCE.

The WCJ did not find the medical evidence proved the claimant did not suffer a back injury during the FCE, but stated he did not believe any back complaints were "serious." However, not just "serious" complaints are entitled to medical treatment. Therefore, I would reverse the WCJ's judgment and render judgment in claimant's favor.