966 So.2d 684 (2007)
Lynn DOUSAY d/b/a Dousay Floor
v.
Donnie DOUSAY.
No. 07-196.
Court of Appeal of Louisiana, Third Circuit.
September 12, 2007.
Robert L. Beck, Rivers, Beck, Dalrymple & Ledet, Alexandria, LA, for Appellant, Donnie Dousay.
Walter S. Salley, Lunn, Irion, Salley, Carlisle & Gardner, Shreveport, LA, for Appellee, Dousay Floor Covering, State Farm Fire and Casualty Insurance Company.
Court composed of SYLVIA R. COOKS, GLENN B. GREMILLION, and JAMES T. GENOVESE, Judges.
GENOVESE, Judge.
For the reasons assigned in the companion and consolidated case of Donnie Dousay v. Dousay Floor Covering, 07-195 (La. App. 3 Cir.9/12/07), 966 So.2d 677, 2007 WL 2609245, the judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed to Appellant, Donnie Dousay.
AFFIRMED.
COOKS, J. dissents and assigns written reasons.
COOKS, J., dissenting.
I respectfully dissent from the majority's decision to affirm the judgment of the Office of Workers* Compensation. Although the WCJ specifically inferred from claimant's appearance that he was too "fit" and "stout" to be totally disabled, the record contradicts that inference. Claimant has undergone five separate surgical procedures to alleviate his neck, arm and shoulder problems. The WCJ stated he relied on Dr. Drerup's assessment of claimant's physical ability to determine whether or not he was totally and permanently disabled. Dr. Drerup specifically stated that claimant was "restricted to sedentary or light duty with requirements that he take frequent self-determined breaks throughout the day and that he must be allowed to alter his position from a sitting to a standing or even a semi-reclining position on occasions, on as an-needed basis." Despite further noting that claimant is "going to suffer a level of chronic pain," the WCJ interpreted Dr. Drerup's testimony as indicating claimant "would be able to consistently perform sedentary or light duty work." (Emphasis added). Dr. Drerup specifically stated that claimant's pain could become "so intense that he simply cannot continue to engage in activities and he has to stop." I find "these periods would occur predictably and regularly so often as to preclude realistic gainful employment." See Barnes v. Bechtel Group, Inc., et al., 03-1484 (La. *685 App. 5 Cir. 04/13/04), 873 So.2d 735, 738. The WCJ attempted to distinguish the present case from Barnes finding the claimant in Barnes was rendered "unreliable" by pain but Mr. Dousay was not. I disagree. Therefore, I conclude the WCJ erred in finding claimant failed to demonstrate by clear and convincing evidence that he was unable to engage in any form of gainful employment.
I also disagree with the majority's conclusion that the WCJ did not err in his finding that claimant failed to establish by a preponderance of the evidence that his back complaints were related to the FCE. The record establishes during the FCE claimant complained of increased cervical and lumbar pain during a lifting maneuver. According to claimant, the low back pain worsened significantly after the FCE. Approximately two weeks after the FCE, claimant visited Dr. Douglas Goodin, complaining he had injured himself in the FCE. He maintained these complaints in future visits, and Dr. Goodin noted in his notes from one visit that "the low back is not recovered at this point." When Dr. Goodin retired, Dr. Forester replaced him in administering claimant's medications. Claimant also complained to Dr. Forester of low back pain, which he related to the FCE. This led Dr. Forester to order a MRI of the lumbar spine, which the defendant refused to authorize on the basis the low back injury was not related to the work accident. Dr. Nanda, who performed claimant's first surgery, examined claimant before and after the FCE. There was no lower back complaints prior to the FCE, but there were complaints subsequent to the FCE.
The WCJ did not find the medical evidence proved the claimant did not suffer a back injury during the FCE, but stated he did not believe any back complaints were "serious." However, not just "serious" complaints are entitled to medical treatment. Therefore, I would reverse the WCJ's judgment and render judgment in claimant's favor.