# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 11-449

**RAYMOND HYMES, JR.**

**VERSUS**

**CONGREGATION OF THE IMMACULATE CONCEPTION
D/B/A ST. MARY'S CATHOLIC SCHOOL**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
PARISH OF NATCHITOCHES, DISTRICT 02, NO. 10-00697
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**John E. Morton
Morton Law LLC
1450 Peterman Drive
Post Office Box 11950
Alexandria, Louisiana 71315
(318) 448-1771
Counsel for Plaintiff/Appellant:**
    **Raymond Hymes, Jr.**

**Peggy D. St. John**
**Michael J. O'Shee**
**Gold, Weems, Bruser, Sues & Rundell**
**2011 MacArthur Drive**
**Post Office Box 6118**
**Alexandria, Louisiana  71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Appellee:**
    **Congregation of the Immaculate Conception**
    **D/B/A St. Mary's Catholic School**

**GENOVESE, Judge.**

In this workers' compensation case, Claimant, Raymond Hymes, Jr., appeals the workers' compensation judgment denying his claim for workers' compensation benefits based on his failure to prove the occurrence of an accident arising out of and in the course and scope of his employment with Defendant, Congregation of the Immaculate Conception d/b/a St. Mary's Catholic School (St. Mary's). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Hymes, an insulin-dependent diabetic, was employed at St. Mary's as a custodian. After allegedly being bitten by ants while working at the school on or about June 23, 2009, Mr. Hymes sought workers' compensation benefits from St. Mary's. St. Mary's denied his claim, and Mr. Hymes filed a Disputed Claim for Compensation (1008) on January 20, 2010.

With respect to the alleged June 23, 2009 incident, the 1008 set forth that "[w]hile working on the grounds of St. Mary's Catholic School[, Mr. Hymes] stepped into a bed of fire ants. The ant bites became infected[,] causing [Mr. Hymes] to have his leg amputated."

In its answer, St. Mary's denied that Mr. Hymes had sustained his injury while in the course and scope of his employment. St. Mary's alleged that "[Mr. Hymes] originally told Lisa Methvin and Debbie Norman his foot hurt because he had gotten into some ants over the preceding weekend[,] and it did not happen on school grounds." According to St. Mary's, Mr. Hymes' "story remained the same until he was told he could not claim workers' compensation because he was not hurt on the job. At that point, his story changed."

Following a trial on September 30, 2010, the workers' compensation judge (WCJ) took the matter under advisement. The WCJ rendered judgment on

December 22, 2010, at which time oral reasons for judgment were provided.

Therein, the WCJ stated that:

> [B]ecause there are two varying stories given by Mr. Hymes, himself, bitten by ants over the weekend at the church, later bitten by ants at school, that at - - at best, Mr. Hymes has only shown that he's left the probability equally balanced. That's the best the [c]ourt can say in favor of Mr. Hymes. This is not carrying a burden of proof by [a] preponderance of the evidence. This is based solely upon a determination that the [c]ourt finds . . . Mr. Hymes not to be a credible witness with regard to his claim, and Mr. Hymes' claims are denied.

The WCJ signed a judgment in accordance therewith in favor of St. Mary's, dismissing the claims of Mr. Hymes. Mr. Hymes has appealed alleging that the WCJ erred in determining the credibility of certain witnesses. Mr. Hymes also assigns as error the WCJ's failure to assess penalties and attorney fees against St. Mary's for its denial of his claim for workers' compensation benefits.

## LAW AND DISCUSSION

In *Dean v. Southmark Constr.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117, the supreme court stated:

> In workers' compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error–clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

2

Louisiana Revised Statutes 23:1031(A) requires an employee seeking workers' compensation benefits to establish that he sustained "personal injury by accident arising out of and in the course of his employment." Louisiana Revised Statutes 23:1021(1) defines an "accident" as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." In order to secure workers' compensation benefits, the employee must prove the existence of a work-related accident and that the accident is causally related to the complained of disability. *Dousay v. Dousay Floor Covering*, 07-195, 07-196 (La.App. 3 Cir. 9/12/07), 966 So.2d 677, 966 So.2d 684, *writ denied*, 07-2023 (La. 12/7/07), 969 So.2d 639.

In *Portalis v. Our Lady of Lourdes Regional Medical Center*, 07-1509, pp. 4-5 (La.App. 3 Cir. 5/14/08), 984 So.2d 197, 200, *writ denied*, 08-1283 (La. 9/19/08), 992 So.2d 926, this court explained an employee's burden of proving the occurrence of an alleged unwitnessed, work-related accident as follows:

> The claimant's burden of proof is by a preponderance of the evidence, even if the accident is unwitnessed. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). In *Bruno*, 539 So.2d at 361 (citations omitted), the supreme court set forth the following criteria for cases in which proof of the accident is supported by the claimant's testimony alone:
>
> > A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence.

3

Mr. Hymes asserts that the WCJ erred in not finding him credible. He also argues that the trial court erred in failing to find that his testimony was corroborated by the testimony of his witness, Allen Ponthieux. We find that the record does not support these assertions.

The dispute is whether Mr. Hymes was bitten by ants while working at St. Mary's. During his testimony, Mr. Hymes could not definitively recall whether he was bitten by ants on either Tuesday, June 23, 2009, or Wednesday, June 24, 2009. According to Mr. Ponthieux, he saw Mr. Hymes nursing his leg on the afternoon of Wednesday, June 24, 2009. When Mr. Ponthieux inquired what was wrong, Mr. Hymes told him that he was bitten by ants while working at St. Mary's the day before. Mr. Ponthieux claims that he advised Mr. Hymes that St. Mary's, as his employer, was responsible for his injury since he was hurt while working at St. Mary's. Mr. Hymes was also uncertain as to when he actually notified St. Mary's Principal, Allen Powers. To the best of his recollection, Mr. Hymes thinks he told Mr. Powers he was bitten by ants while working at St. Mary's some time during the day of Friday, June 26, 2009.

Lisa Methvin, the Bursar at St. Mary's, Debbie Normand, the Director of Admissions at St. Mary's, and Mr. Powers all disputed Mr. Hymes' testimony. According to Ms. Normand, when Mr. Hymes showed her his ant bites, she asked him whether he was bitten by ants on the school's property. He replied, "No." Ms. Methvin corroborated Ms. Normand's testimony because she overheard the conversation between Ms. Normand and Mr. Hymes. Finally, Mr. Powers testified that on either June 22, 2009, or June 23, 2009, he had a discussion with Mr. Hymes about him being bitten by ants; however, Mr. Hymes told him "[i]t happened over the weekend at church." According to Mr. Powers, in his next conversation with

4

Mr. Hymes, which was on Friday, June 26, 2009, Mr. Hymes said he was bitten by ants while working at St. Mary's.

In the instant matter, there are clear conflicts in the testimony. We find the WCJ's evaluations of the testimony reasonable. Likewise, we find the WCJ's inferences of fact reasonable. Thus, we are not at liberty to disturb the WCJ's findings.

We, therefore, find no manifest error in the conclusion of the WCJ that Mr. Hymes failed in his burden of proving the occurrence of a work-related accident. Having found that Mr. Hymes failed to prove the occurrence of a work-related accident, the remaining issue relative to penalties and attorney fees is moot and need not be addressed.

### DECREE

For the foregoing reasons, the judgment of the WCJ is affirmed in all respects. All costs of this appeal are assessed against Plaintiff/Appellant, Raymond Hymes, Jr.

**AFFIRMED.**