# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-414

JAMES LYNCH

VERSUS

A DOOR WORKS, INC.

**********

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 03
## PARISH OF CALCASIEU, NO. 08-05111
## HONORABLE CHARLOTTE L. BUSHNELL,
## WORKERS' COMPENSATION JUDGE

**********

## JAMES T. GENOVESE
## JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED AND RENDERED.**

**Kathleen W. Will**
**Briney Foret Corry**
**413 Travis Street**
**Suite 200**
**Post Office Drawer 51367**
**Lafayette, Louisiana 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **A Door Works, Inc.**

**Mark Zimmerman**
**4126 Lake Street**
**Lake Charles, Louisiana  70605**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **James Lynch**

**GENOVESE, Judge.**

In this workers' compensation case, employer, A Door Works, Inc. (Door Works), appeals a judgment of the workers' compensation judge (WCJ) rendered in favor of its former employee, James Lynch. Mr. Lynch has answered the appeal, seeking attorney fees for legal work done on appeal. For the following reasons, we affirm and award $3,500.00 in attorney fees on appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Lynch was employed with Door Works from October 27, 2007, until March 6, 2008. Mr. Lynch states that while working on December 12, 2007, he began feeling discomfort in his abdomen. Mr. Lynch claims that he initially believed his discomfort was simply a stomach cramp, and he continued working. Over the course of the next few days, however, and specifically after straining to lift a door on December 15, 2007, Mr. Lynch claims that his abdominal discomfort became more painful.

On December 17, 2007, Mr. Lynch reported his injury to Joy Abshire, part-owner of Door Works. Mr. Lynch sought medical treatment at Sulphur Urgent Care and was evaluated by Dr. Dwayne Helms. He was diagnosed as having a hernia. Dr. Helms referred Mr. Lynch to Sulphur Surgical Care, where he was evaluated by Dr. A. Kent Seale. According to Dr. Seale's medical report, Mr. Lynch had "an incarcerated hernia two fingers above the umbilicus," and "surgical repair" was recommended.

Mrs. Abshire reported Mr. Lynch's injury to Summit Claims (Summit), the workers' compensation administrator for Door Works. Summit commenced an investigation into Mr. Lynch's claim purportedly due, in part, to Mrs. Abshire's report that Mr. Lynch stated he had been diagnosed as having a hernia years earlier and, in part, because Mr. Lynch allegedly reported to his sister, also an employee

at Door Works, that his injury was to his lower back. Surgery to repair Mr. Lynch's hernia was not authorized pending Summit's investigation. From December 20, 2007, until March 6, 2008, Mr. Lynch worked in a light duty capacity at Door Works.

Mr. Lynch filed a Disputed Claim for Compensation on June 6, 2008, asserting that he was wrongfully denied medical treatment and seeking indemnity benefits, penalties, and attorney fees based on Door Works' failure to reasonably controvert his claim. On August 26, 2008, Door Works answered Mr. Lynch's claim, denying that his injury was job-related. Door Works then filed a reconventional demand, asserting that Mr. Lynch committed workers' compensation fraud pursuant to La.R.S. 23:1208.

At the September 1, 2010 trial, the parties stipulated: (1) that Mr. Lynch worked for Door Works from October 27, 2007 through March 6, 2008; (2) that from December 20, 2007 through March 6, 2008, he worked in a light duty capacity; (3) that no indemnity benefits were paid subsequent to March 6, 2008; (4) that except for some initial medical expenses, no other medical expenses have been paid; (5) that no hernia surgery recommended by Dr. Seale has been authorized or paid; and (6) that Mr. Lynch's average weekly wage was $662.95. At the close of testimony, the matter was taken under advisement. Oral reasons for judgment were rendered on November 29, 2010. Therein, the WCJ found that Mr. Lynch sustained an accident within the course and scope of his employment during the week of December 11, 2007, and December 15, 2007, which caused him injury, thus making that injury compensable under the workers' compensation statute. The WCJ denied Door Works' reconventional demand and granted Mr. Lynch's request for penalties and attorney fees. The WCJ awarded a $2,000.00 penalty for failure to pay indemnity benefits, a $2,000.00 penalty for

2

failure to pay medical benefits, and $14,000.00 in attorney fees. A written judgment was rendered in accordance with these findings.

Door Works has filed a suspensive appeal, claiming that the following findings made by the WCJ are not supported by the record, are manifestly erroneous, and require reversal: (1) that Mr. Lynch sustained a hernia as a result of an accident arising out of the course and scope of his employment with Door Works; (2) that Mr. Lynch did not commit workers' compensation fraud pursuant to La.R.S. 23:1208; (3) that Mr. Lynch is entitled to workers' compensation benefits available to him under Louisiana's Workers' Compensation Act; and (4) that Mr. Lynch is entitled to penalties and attorney fees for Door Works' failure to pay indemnity benefits and medical expenses. Mr. Lynch has answered Door Works' appeal, requesting additional attorney fees for work done on this appeal.

## LAW AND DISCUSSION

The standard of review applied in workers' compensation cases to a WCJ's finding of fact is the "manifest error–clearly wrong" standard. *Dean v. Southmark Constr.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117. The court of appeal may not set aside the findings of the WCJ "unless they are found to be clearly wrong in light of the record reviewed in its entirety." *Id.* (quoting *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La. 1/14/94), 630 So.2d 706, 710). "[E]ven where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier, the court of appeal may not reverse if the factfinder's findings are reasonable in light of the record reviewed in its entirety." *Winford v. Conerly Corp.*, 04-1278, pp. 15-16 (La. 3/11/05), 897 So.2d 560, 569-70.

Louisiana Revised Statutes 23:1021(1) defines an "accident" as an "unexpected or unforeseen actual, identifiable, precipitous event happening

3

suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." In order to secure workers' compensation benefits, the employee must prove the existence of a work-related accident and that the accident is causally related to the complained of disability. *Dousay v. Dousay Floor Covering*, 07-195 (La.App. 3 Cir. 9/12/07), 966 So.2d 677, *writ denied*, 07-2023 (La. 12/7/07), 969 So.2d 639.

In determining that Mr. Lynch's injury was compensable under the workers' compensation statute, we note that the WCJ was particularly persuaded by the medical evidence corroborating Mr. Lynch's testimony and that the WCJ was not convinced by the testimony of his employer and co-workers who disputed Mr. Lynch's injury claim. In oral reasons for judgment, the WCJ reached the following conclusion:

> Mrs. Abshire testified that claimant was a good and orderly worker. Furthermore, he had no problems doing his job, nor did he complain of pain. Although there seems to be some confusion as to whether claimant injured his back or his injuries resulted from a pre-existing hernia, claimant was placed on light duty until March 2008.
>
> . . . .
>
> None of the workers working the job with the claimant confirmed that the claimant was injured on the job. However, there is no indication that the claimant sustained a hernia at dinner or elsewhere after work hours. Instead, the medical evidence supports that the claimant, Mr. Lynch, has a ventral hernia/acute onset after lifting. Therefore, the [c]ourt finds that even if claimant has a previous hernia, he was able to work his job satisfactorily until the Target incident.
>
> Based on the evidence presented, the [c]ourt finds that the claimant, James Lynch, is entitled to workers' compensation benefits available to him under the Workers' Compensation Act. Proof is sufficient to show that there is a causal relationship between claimant's

4

hernia and the work accident. The claimant has established, by a preponderance of the evidence, that the injuries he suffered were caused as he installed rolling steel doors in the Target Store in Lafayette. The corroborative testimony supports the claimant's position from a medical standpoint. Furthermore, the accident was reported[,] claimant was sent to the doctor, and he was placed on light duty. The conflicting testimony of claimant's co-workers lead to more questions than real answers. As a result, the [c]ourt finds the claimant did not commit workers' compensation fraud[,] but, instead, he proved a work[-]related accident by a preponderance of the evidence. . . .

Although there is contradictory and disputed evidence with regard to Mr. Lynch's version as to how and when his injury occurred, we conclude that the WCJ clearly articulated a reasonable basis for its decision to rule in favor of Mr. Lynch, and we cannot say that such a finding is manifestly erroneous or clearly wrong.

Moreover, it is well established that "[a] worker's preexisting condition does not bar his or her recovery under the workers' compensation laws because an employer takes the worker as he finds him or her. An abnormally susceptible worker is entitled to no less protection under the workers' compensation statute than a healthy worker." *Halker v. Am. Sheet Metal*, 03-678, pp. 3-4 (La.App. 3 Cir. 12/10/03), 861 So.2d 740, 743 (citations omitted) (quoting *Baker v. Conagra Broiler Co.*, 93-1230, p. 8 (La.App. 3 Cir. 5/4/94), 640 So.2d 494, 498, *writ denied*, 94-1435 (La. 9/23/94), 642 So.2d 1289). It is important to note that prior to the week of his alleged injury, Mr. Lynch exhibited no problems working. It is reasonable to conclude that the events of that week may have caused Mr. Lynch's hernia or, at the very least, may have aggravated his preexisting hernia. In either event, Mr. Lynch would not be precluded from receiving workers' compensation benefits.

5

The factual conclusions reached by the WCJ are reasonable and are supported by the evidence. After thoroughly reviewing the evidence in the record and considering the WCJ's detailed reasons for judgment, we find that the WCJ was not manifestly erroneous or clearly wrong in her determination that Mr. Lynch met the requisite burden of proof for entitlement to workers' compensation benefits and that Door Works failed to prove fraud on the part of Mr. Lynch. We also find no error in the WCJ's determination that Mr. Lynch is entitled to penalties and attorney fees for Door Works' failure to pay indemnity benefits and medical expenses.

*Answer to Appeal*

The WCJ awarded Mr. Lynch attorney fees. Mr. Lynch requests additional attorney fees for work done on this appeal. "The general rule is that an increase in attorney fees is usually allowed where the WCJ awarded a party attorney fees and that party is forced to and successfully defends an appeal, provided that the party properly requests such an increase." *Simpson v. Lafayette Consol. Gov't*, 09-816, p. 10 (La.App. 3 Cir. 2/3/10), 29 So.3d 727, 733, *writ denied*, 10-477 (La. 4/30/10), 34 So.3d 292 (citing *McKelvey v. City of Dequincy*, 07-604 (La.App. 3 Cir. 11/14/07), 970 So.2d 682). Having affirmed the judgment of the WCJ, we award $3,500.00 for attorney fees on appeal.

## DECREE

For the foregoing reasons, the judgment of the WCJ is affirmed in all respects. We award Mr. Lynch $3,500.00 in attorney fees for work done on this appeal. All costs of this appeal are assessed against A Door Works, Inc.

**AFFIRMED AND RENDERED.**

6